UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:23-cv-00180-GCM

| LONNIE DOUGLAS SIMMONS, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | **ORDER** |
|  | ) |  |
| CLEVELAND COUNTY MEDICAL, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, [Doc. 1], filed under 42 U.S.C. § 1983, see 28 U.S.C. §§ 1915(e) and 1915A. Plaintiff is proceeding in forma pauperis. [Docs. 2, 8].

I. **BACKGROUND**

Pro se Plaintiff Lonnie Douglas Simmons ("Plaintiff") filed this action on July 18, 2023, pursuant to 42 U.S.C. § 1983, against Defendant "Cleveland County Medical" in its official capacity based on events allegedly occurring while he was housed at the Cleveland County Jail (the "Jail"), in Shelby, North Carolina.[1] [Doc. 1]. Plaintiff alleges as follows. In or around September and October 2021, while housed at the Jail, Plaintiff's leg started hurting very badly. [Id. at 4, 11]. He put in sick calls every day for eight days and was refused care. He submitted grievances regarding the lack of care on seven consecutive days. [Id. at 5, 11]. "The COs," including Mrs. Wrau, Mr. Scott, Mr. Woodward, knew that Plaintiff was hurting but told him there was nothing they could do. [Id. at 5]. After eight days, he was seen by a nurse who took a picture of his leg. By this time his toes and leg had turned black. The nurse got Plaintiff to a

---

[1] Plaintiff alleges that he was "on a rit [*sic*] from [Warren] prison." [Doc. 1 at 11].

hospital in Shelby. After some testing, the Shelby hospital transported Plaintiff by ambulance to a hospital in Concord, North Carolina, where Plaintiff had emergency surgery. [Id.]. Seven blood clots were removed from his leg. [Id. at 12]. After two weeks in the hospital, Plaintiff was sent back to "Warren prison" and then immediately transferred to Central Prison because Plaintiff was in a wheelchair. Plaintiff remained in the medical ward at Central Prison for a month and a half. From there, he was transferred to "Lumberton NC prison" ("Lumberton"), where his leg became infected. After a week at Lumberton, he was sent back to the hospital in Concord for emergency surgery "witch [*sic*] [he] didn't have to have." [Id.]. He remained at the hospital "for a couple days until they got the infection under control" and was then returned to Lumberton. [Id.]. Plaintiff claims violation of his rights under Eighth Amendment. [Id. at 3].

For injuries, Plaintiff recites the series of hospitals and correctional facilities where he was sent. [Id. at 5]. For relief, Plaintiff seeks $500,000 in damages. [Id.].

## II.     STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

2

Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**IV.     DISCUSSION**

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. __, 143 S.Ct. 1444 (2023). Plaintiff claims Defendant "Cleveland County Medical" violated his Eighth Amendment rights. Plaintiff's Complaint fails initial review for several reasons.

Defendant "Cleveland County Medical" is not an entity subject to suit under 42 U.S.C. § 1983. To the extent Plaintiff intended to sue the Cleveland County Jail, such claim would also fail. A jail is not a "person" subject to suit under § 1983. See Brooks v. Pembroke Jail, 722 F.Supp. 1294, 1301 (E.D.N.C. 1989).

To the extent Plaintiff intended to sue Cleveland County, North Carolina, his Complaint would still fail. Local governing bodies "can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where ... the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Monell v. Dep't of Social Servs., 436 U.S. 658, 690 (1978); see Mt. Healthy City Sch. Bd. of Educ. v. Doyle, 429 U.S. 274, 280 (1977) (Eleventh Amendment immunity "does not extend to counties or similar municipal corporations.").

Municipal liability under § 1983 cannot be predicated upon a respondeat superior theory. Burgess v. Goldstein, 997 F.3d 541, 562 (4th Cir. 2021). Liability, however, arises only when the offensive acts are taken in furtherance of municipal policy or custom. Id.; see City of Canton, Ohio v. Harris, 489 U.S. 378, 389 (1989) (a municipality can be liable under § 1983 only where its policies are the "moving force" behind the constitutional violation) (quoting Polk Cnty. v. Dodson, 454 U.S. 312, 326 (1981)). There are no such allegations here.

Even if Plaintiff had named a proper Defendant in this matter, he purports only to state an official capacity claim. Suits against an officer in his official capacity "generally represent only another way of pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165, 105 S.Ct. 3099 (1985) (1985) (quoting Monell, 436 U.S. at 690 n. 55, 98 S.Ct. at 2035). As with Cleveland County, the Office of Sheriff is not liable under § 1983 for an employee's acts "unless action pursuant to official municipal policy of some nature caused [the] constitutional tort." Collins v. City of Harker Heights, 503 U.S. 115, 120-21, 112 S.Ct. 1061, 1066 (quoting Monell, 436 U.S. at 691, 98 S.Ct. at 2036). As noted, Plaintiff does not allege that any official policy was the moving force behind or otherwise played a part in any constitutional violation.

Finally, the body of the Complaint contains allegations against individuals who are not named as defendants in the caption as required by Rule 10(a) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"); Myles v. United States, 416 F.3d 551 (7th Cir. 2005) ("to make someone a party the plaintiff must specify him in the caption and arrange for service of process."); Perez v. Humphries, No. 3:18-cv-107-GCM, 2018 WL 4705560, at *1 (W.D.N.C. Oct. 1, 2018) ("A plaintiff's failure to name a defendant in the caption of a Complaint renders any action against the purported defendant a

legal nullity"). The allegations directed at individuals not named as Defendants are therefore dismissed without prejudice.

## V. CONCLUSION

For these reasons, Plaintiff's Complaint fails initial review. The Court will allow Plaintiff to amend his Complaint within thirty (30) days of this Order to properly state a claim for relief against a proper Defendant or Defendants. Any amended complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment will not be permitted. If Plaintiff amends his Complaint, he should succinctly and clearly allege the factual basis for each claim against each Defendant and which constitutional right(s) he contends were violated by which conduct. Plaintiff is also admonished that he must list every Defendant he intends to sue in the caption of the Complaint as directed on the blank § 1983 form he will be provided.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff shall have thirty (30) days from the date of this Order in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to so amend his Complaint, the matter will be dismissed without prejudice.

The Clerk is respectfully instructed to mail Plaintiff a blank prisoner § 1983 form.

**IT IS SO ORDERED**.

Signed: September 13, 2023

Graham C. Mullen
United States District Judge

5

Case 1:23-cv-00180-GCM    Document 13    Filed 09/13/23    Page 5 of 5

legal nullity"). The allegations directed at individuals not named as Defendants are therefore dismissed without prejudice.

## V. CONCLUSION

For these reasons, Plaintiff's Complaint fails initial review. The Court will allow Plaintiff to amend his Complaint within thirty (30) days of this Order to properly state a claim for relief against a proper Defendant or Defendants. Any amended complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment will not be permitted. If Plaintiff amends his Complaint, he should succinctly and clearly allege the factual basis for each claim against each Defendant and which constitutional right(s) he contends were violated by which conduct. Plaintiff is also admonished that he must list every Defendant he intends to sue in the caption of the Complaint as directed on the blank § 1983 form he will be provided.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff shall have thirty (30) days from the date of this Order in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to so amend his Complaint, the matter will be dismissed without prejudice.

The Clerk is respectfully instructed to mail Plaintiff a blank prisoner § 1983 form.

**IT IS SO ORDERED**.

Signed: September 13, 2023

Graham C. Mullen
United States District Judge